[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

————————————

No. 21-12044

Non-Argument Calendar

————————————

MARVIN GEORGE TOWNS, JR.,

Plaintiff-Appellant,

*versus*

DIRECTORS GUILD OF AMERICA, INC.,
AND ACTION, LLC,
JOHN DOE CORPORATION
OR OTHER TYPE OF LEGAL ENTITY KNOWN AS,
Director's Guild of America,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:19-cv-03248-MLB

_____

Before JILL PRYOR, NEWSOM, and BRASHER, Circuit Judges.

PER CURIAM:

Plaintiff Marvin George Towns appeals the district court's order dismissing his claims against defendant Directors Guild of America, Inc. ("DGA"). After careful review, we affirm.

## I.    FACTUAL BACKGROUND

Towns, an African-American man, has worked for decades in the film and television industry.[1] In 2019, And Action, LLC, hired Towns to work as the unit production manager for a television series, *The Have & Have Nots*, filmed in Georgia.

DGA is the labor union that serves as the collective bargaining agent for directors, assistant directors, and unit production managers working in the film and television industry. Towns is a member of DGA.

_____

[1] The facts recited here are taken from the operative complaint. *See Hunt v. Aimco Props., L.P.*, 814 F.3d 1213, 1218 n.2 (11th Cir. 2016) ("At the motion to dismiss stage, we accept the well-pleaded allegations in the complaint as true and view them in the light most favorable to the [non-movant].").

DGA negotiated a collective bargaining agreement, referred to as the Basic Agreement, with employers in the film and television industry. The Basic Agreement addresses the hiring of directors, unit production managers, and assistant directors for film and television projects.[2] It calls for the use of qualification lists, which consist of individuals who, by virtue of documented work experience, receive preference for director, unit production manager, and assistant director positions. Under the Basic Agreement, there are three sets of qualification lists for each type of position: one set of lists for southern California, a second set for the New York area, and a third set for the remainder of the United States, which is referred to as the "Third Area."

The Basic Agreement sets forth the requirements for an individual to be included on each qualification list. To appear on the qualification list for unit production managers in the Third Area, an individual must have previously completed 120 days in work as a unit production manager with at least 75% of those days occurring during production, as opposed to during preparation or post-production. An individual does not have to be a DGA member to appear on a qualification list.

---

[2] Even though Towns did not attach the Basic Agreement to his operative complaint, we may consider its terms because Towns referred to the Basic Agreement in his complaint, it was central to his claims, and its contents are not in dispute. *See Harris v. Ivax Corp.*, 182 F.3d 799, 802 n.2 (11th Cir. 1999).

To be included on a qualification list, an individual must apply to DGA Contract Administration ("DGACA"), which compiles and administers the qualification lists. Under the Basic Agreement, an applicant bears the burden to provide DGACA with sufficient documentation to establish that he should be included on a qualification list.

Shortly after Towns moved to Georgia and began working for And Action, DGA notified the company that Towns was not included on the Third Area's qualification list for unit production managers.[3] DGA warned And Action that it was in violation of the Basic Agreement and could face monetary penalties for employing Towns as a unit production manager. And Action notified Towns that he could not continue working unless he could produce documentation to establish that he satisfied the work experience requirement to appear on the Third Area's qualification list. When Towns was unable to produce sufficient documentation to establish that he should be included on the qualification list,[4] And Action terminated his employment.

---

[3] Although Towns denies that And Action was a party to the Basic Agreement, he does not dispute that his employment agreement with And Action stated that the agreement was subject to the provisions of the Basic Agreement.

[4] According to Towns, he had sufficient work experience but was unable to provide documentation because the paperwork that reflected his prior work experience had been damaged when his home was flooded.

Towns, represented by counsel, sued DGA.[5] In the operative complaint,[6] Towns alleged that DGA improperly forced And Action to fire him. Towns suggested that he was targeted because of his race.

In Count One, Towns claimed that DGA violated Georgia's right-to-work statute, which provides that no individual shall be required to join a "labor organization" as a condition of employment. O.C.G.A. § 34-6-21(a). In the complaint, Towns repeatedly alleged that that the qualification list is a labor organization that he was required to join.

In Counts Two through Four, Towns brought state law tort claims against DGA. He alleged that DGA tortiously interfered with his contractual relationship with And Action by barring the company from employing him. In addition, Towns claimed that DGA failed to act in good faith and was negligent in determining that he did not satisfy the work experience requirement for the qualification list for unit production managers in the Third Area.

---

[5] Towns also sued And Action and DGACA. Towns reached a settlement agreement with And Action and voluntarily dismissed his claims against it. Although Towns named DGACA as a defendant, it never entered an appearance in the case.

[6] After Towns filed the initial complaint, DGA filed a motion to dismiss. While the motion to dismiss was pending, Towns filed an amended complaint. We focus our analysis on the allegations in the amended complaint.

DGA filed a motion to dismiss. Regarding Count One, DGA argued that Towns failed to state a claim that DGA had violated Georgia's right-to-work statute because his complaint did not establish that Towns had been required as a condition of employment to maintain membership in a "labor organization." Doc. 45-1 at 8.[7] DGA argued that the qualification list did not constitute a labor organization under the statute.

With respect to the tort claims in Counts Two through Four, DGA argued that Towns failed to state a claim for relief because the tort claims were preempted by federal law. DGA claimed that each tort claim required the district court to interpret the Basic Agreement and thus was preempted by § 301 of the Labor-Management Relations Act ("LMRA"), 29 U.S.C. § 185. DGA also argued that the tort claims were preempted for a second reason—that under federal law, a union owes a statutory duty to represent fairly all members of a bargaining unit in enforcing a collective bargaining agreement. *See Vaca v. Sipes*, 386 U.S. 171, 177 (1967). If a union breaches this duty by engaging in conduct towards a member of the bargaining unit that is arbitrary, discriminatory, or in bad faith, the member may bring a claim against the union under federal law for breach of the duty of fair representation. *See 14 Penn Plaza LLC v. Pyett*, 556 U.S. 247, 271 (2009). DGA argued that because the tort claims were covered by

---

[7] "Doc." numbers refer to the district court's docket entries.

the duty of fair representation, they were preempted. DGA further urged the district court not to grant Towns leave to amend his complaint, which would have afforded him an opportunity to add a federal duty of fair representation claim, saying Towns had already had an opportunity to amend his complaint.

In opposition to the motion to dismiss, Towns filed a short, three-paragraph response. Nowhere in the response did Towns address DGA's argument regarding Count One of the complaint. Towns acknowledged DGA's argument that his tort claims in Counts Two through Four were preempted by federal law because they required the district court to interpret the Basic Agreement. He admitted that his state law claims would require the district court to interpret the Basic Agreement. Because the claims depended on the interpretation of the Basic Agreement, Towns asked the district court to compel DGA to arbitrate his claims. Towns did not argue in the response that he had brought a federal claim for breach of the duty of fair representation, nor did he request leave to amend his complaint to add such a claim. In fact, Towns continued to maintain to the district court that he had brought only "state law claims." Doc. 58 at 3.

The district court granted DGA's motion to dismiss. The court began by observing that Towns's opposition to the motion to dismiss failed to respond to DGA's substantive arguments. The district court deemed DGA's motion to dismiss unopposed. Even though the motion to dismiss was unopposed, the district court

explained, DGA did not automatically prevail; the court considered the merits of DGA's motion.

The district court concluded that Towns failed to state a claim in Count One for a violation of Georgia's right-to-work statute. To state a claim for relief under the statute, Towns had to allege facts showing that And Action had conditioned employment on his membership "in a labor organization." Doc. 64 at 8. Although Towns stated in the complaint that the qualification list itself was a labor organization, the court concluded that he failed to allege facts sufficient to establish that the list was a labor organization under Georgia law. The district court acknowledged that that DGA was a labor organization under Georgia law. But because Towns was not required to be a member of DGA to be included on the qualification list, the district court concluded that Towns failed to state a claim for a violation of the right-to-work statute.

The district court then determined that Counts Two through Four, the state law tort claims, were preempted by § 301 of the LMRA. The court explained that the LMRA preempted any state law claim that required the interpretation of a collective bargaining agreement. Because each tort claim required the district

court to interpret the Basic Agreement, the court concluded that the tort claims were preempted.[8]

In a footnote, the district court considered DGA's argument related to the duty of fair representation. The court explained that the tort claims could be construed as claims that DGA violated its duty of fair representation, but such claims were cognizable only under federal, not state, law.

After the district court granted the motion to dismiss, Towns filed a motion for reconsideration. He argued that the district court erred in dismissing Count One because, he claimed, the allegations in his complaint were sufficient to establish that the qualification list was a labor organization. The district court denied the motion for reconsideration. This is Towns's appeal.

## II.    STANDARD OF REVIEW

We review *de novo* a district court order granting a motion to dismiss for failure to state a claim for relief, accepting the complaint's allegations as true and construing them in the light most favorable to the plaintiff. *See Fox v. Gaines*, 4 F.4th 1293, 1295 (11th Cir. 2021). We also review *de novo* a district court's inter-

---

[8] The district court rejected Towns's request that the court compel arbitration. After reviewing the Basic Agreement, the court concluded that the agreement gave Towns no right to seek arbitration. In the alternative, the court ruled that Towns waived any arbitration right he had by substantially invoking the judicial process.

pretation of a statute. *Id.* And we review *de novo* the district court's determination that the federal law preempted Towns's state law tort claims. *United Steel, Paper & Forestry, Rubber, Mfg., Energy Allied Indus. & Servs. Workers Int'l Union AFL-CIO CLC v. Wise Alloys, LLC*, 642 F.3d 1344, 1349 (11th Cir. 2011).

## III.    LEGAL ANALYSIS

On appeal, Towns argues that the district court erred in dismissing his claims against DGA. With regard to Count One, Towns argues that the district court erred by failing to consider whether DGACA, which administered the qualification lists, was a labor organization for purposes of Georgia's right-to-work statute. With respect to Counts Two through Four, Towns says the district court erred in concluding that federal law preempted his tort claims. We address each argument in turn.

### A.    *The District Court Did Not Err in Dismissing Count One Because Towns Failed to State a Claim That DGA Violated the Right to Work Statute.*

On appeal, Towns argues that the district court erred in dismissing Count One, which alleged that DGA violated Georgia's right to work statute. Georgia law provides that "[n]o individual shall be required as a condition of employment . . . to be or remain a member or an affiliate of a labor organization." O.C.G.A. § 34-6-21(a). A "labor organization" is an entity that "exists for the purpose, in whole or in part, of dealing with employers

concerning grievances, labor disputes, wages, rates of pay, hours of employment, or conditions of work." *Id.* § 34-6-20(6).

In the district court, Towns argued that DGA violated the statute, claiming the qualification list was the relevant labor organization. *See* Doc. 44 ¶¶ 27 (alleging that the qualification "lists are obviously an 'organization'"), 32 (claiming that qualification lists "easily fit[]" into the definition of organization), 52 (asserting that the qualification lists were "a labor organization as defined under the statute"). The district court rejected this argument, concluding that the complaint failed to allege facts establishing that a qualification list was a labor organization. On appeal, Towns does not challenge the district court's determination that the qualification list was not itself a labor organization. Instead, he argues that the district court's analysis was incomplete because it failed to consider whether DGACA was a labor organization.

The problem for Towns is that he raises this issue for the first time on appeal. We generally do not consider issues raised for the first time on appeal.[9] *See Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1331–32 (11th Cir. 2004). "The reason for this prohibition is plain: as a court of appeals, we review claims of judicial error in the trial courts." *Id.* at 1331.

---

[9] This rule is not absolute. In "exceptional circumstances," we may exercise discretion to review an issue raised for the first time on appeal. *Dean Witter Reynolds, Inc. v. Fernandez*, 741 F.2d 355, 360–61 (11th Cir. 1984). But we cannot say that exceptional circumstances are present here.

Towns suggests that he raised the issue of whether DGACA was a labor organization in the district court. But Towns's response to the motion to dismiss did not argue that DGACA qualified as a labor organization. He nevertheless says that the allegations in the complaint taken together show that he was alleging that DGACA was a labor organization. Although Towns claimed in his complaint that the qualification list was a labor organization, he made no similar allegation about DGACA. Instead, he takes the position that the district court should have hunted through his complaint and inferred from his allegations that, without saying so, he intended to raise a claim that DGACA also was a labor organization. But "[j]udges are not like pigs, hunting for truffles buried in" a party's filings. *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991). Because Towns did not argue in the district court that DGACA was a labor organization, we decline to consider this argument on appeal. *See Stewart v. Dep't of Health & Hum. Servs.*, 26 F.3d 115, 115 (11th Cir. 1994) ("Judicial economy is served and prejudice is avoided by binding the parties to the facts presented and theories argued below." (internal quotation marks omitted)).[10]

---

[10] Even assuming that Towns raised this argument in the district court, we would not conclude that the district court erred in granting the motion to dismiss because the allegations in the complaint were insufficient to establish that DGACA was a labor organization that Towns was required to join. There was no allegation in the complaint that Towns was required to be a member of DGACA as a condition of obtaining or keeping employment.

B.      *The District Court Did Not Err in Dismissing Counts Two Through Four Because the Claims Were Preempted.*

Towns also argues on appeal that the district court erred in concluding that his tort claims were preempted. We disagree.

Section 301 of the LMRA provides that "[s]uits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce . . . may be brought in any district court of the United States having jurisdiction of the parties." 29 U.S.C. § 185(a). To ensure uniformity in the interpretation of collective bargaining agreements across the country, federal courts have recognized that § 301 completely preempts state law claims, including tort claims, that require the interpretation or application of a collective bargaining agreement. *See Atwater v. Nat'l Football League Players Ass'n*, 626 F.3d 1170, 1176 (11th Cir. 2010). To determine whether § 301 preempts a state law claim, we ask "whether the resolution of the state-law claim depends upon the meaning of a collective-bargaining agreement." *Id.* (internal quotation marks omitted). If the state claim is dependent on the meaning of the collective bargaining agreement, then application of state law principles is preempted and federal labor law principles must be applied to resolve the dispute. *Id.* at 1176–77.

The district court correctly determined that Towns's tort claims were preempted by federal law. After all, Towns admitted in the district court that the tort claims would require the district

court to "interpret the Basic Agreement." Doc. 49 at 2. Based on this concession, it follows that the tort claims were preempted. *See Atwater*, 626 F.3d at 1176–77.

Towns tries to sidestep this problem. Rather than address the binding precedent, which provides that federal law preempts state law claims that depend upon the interpretation of a collective bargaining agreement, Towns argues that the district court must have erred in holding that his tort claims were preempted because, he says, this preemption determination conflicts with the district court's conclusion that DGACA was not a labor organization. This argument is flawed because, as we explained above, the district court never concluded that DGACA was not a labor organization as Towns did not raise this argument in the district court.

Towns makes one final argument. He argues that the district court should have construed Counts Two through Four of his complaint as bringing a federal claim that DGA violated the duty of fair representation it owed Towns in enforcing the collective bargaining agreement. *See 14 Penn Plaza*, 556 U.S. at 271 (recognizing that federal law gives a member of a collective bargaining unit a cause of action if in administering the collective bargaining agreement the union engages in conduct that is arbitrary, discriminatory, or in bad faith).

Again, Towns's problem is that he never raised in the district court any argument that he had brought or sought to bring a claim alleging a breach of the duty of fair representation. Even af-

ter DGA moved to dismiss the complaint and argued that Counts Two through Four were preempted and could only be brought as a federal claim alleging breach of the duty of fair representation, Towns did not seek to amend his complaint to add such a claim. Towns doubled down instead, insisting that he had brought only state law claims. Even after the district court granted the motion to dismiss, when Towns filed a motion for reconsideration, he did not raise any argument that he had stated a claim for a breach of the duty of fair representation under federal law. We decline to consider Towns's argument that the district court should have found that he stated a claim for breach of the duty of fair representation. *See Access Now*, 385 F.3d at 1331.

## IV.    CONCLUSION

For the reasons set forth above, we AFFIRM the district court's dismissal of Towns's complaint.

**AFFIRMED.**